# U.S. District Court
## Western District of Missouri (Kansas City)
## CIVIL DOCKET FOR CASE #: 4:23−cv−00427−DGK
### *Internal Use Only*

| | |
|---|---|
| Curts v. Edgewell Personal Care Company et al | Date Filed: 06/16/2023 |
| Assigned to: District Judge Greg Kays | Date Terminated: 02/02/2024 |
| related Case:  4:22−cv−00235−GAF | Jury Demand: Plaintiff |
| Case in other court:  Jackson County Circuit Court, 2016−CV17871 | Nature of Suit: 370 Other Fraud |
| | Jurisdiction: Diversity |

Cause: 28:1332 Diversity−Fraud

**Plaintiff**

**Connie Curts**
*on behalf of herself and all others
similarly situated*

represented by **Christopher S. Shank**
Shank & Heinemann, LLC
1968 Shawnee Mission Parkway
Suite 100
Mission Woods, KS 66205
816−471−0909
Fax: 816−471−3888
Email: chris@shanklawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Inactive*

**David Lee Heinemann**
Shank & Heinemann, LLC
1968 Shawnee Mission Parkway
Suite 100
Mission Woods, KS 66205
816−471−0909
Fax: 816−471−3888
Email: david@shanklawfirm.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Katherine Feierabend**
Shank & Heinemann, LLC
1968 Shawnee Mission Pkwy
Ste 100
Mission Woods, KS 66205
816−839−7020
Email: katie@shanklawfirm.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

V.

**Defendant**

**Edgewell Personal Care Company**       represented by  **Megan A. McCurdy**
Stinson LLP − KC 2900
1201 Walnut St.
Ste. 2900
Kansas City, MO 64106
(816) 691−2649
Email: megan.mccurdy@stinson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Ashley Marie Crisafulli**
1201 Walnut Street
Suite 2900
Kansas City, MO 64106
816−691−2676
Email: ashley.crisafulli@stinson.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Courtney Harrison**
Stinson LLP − KC 2900
1201 Walnut St.
Ste. 2900
Kansas City, MO 64106
816−691−2354
Fax: 816−412−1172
Email: courtney.harrison@stinson.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**John W. Moticka**
Stinson LLP − StL 1100
7700 Forsyth Blvd.
Ste. 1100
St. Louis, MO 63105
(314) 259−4562
Fax: (314) 259−4467
Email: john.moticka@stinson.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Defendant**

**Edgewell Personal Care, LLC**       represented by  **Megan A. McCurdy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Ashley Marie Crisafulli**

(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Courtney Harrison**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**John W. Moticka**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Defendant**

**Edgewell Personal Care Brands, LLC**          represented by     **Megan A. McCurdy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Ashley Marie Crisafulli**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Courtney Harrison**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**John W. Moticka**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Defendant**

**Playtex Manufacturing, Inc.**          represented by     **Megan A. McCurdy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Ashley Marie Crisafulli**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Courtney Harrison**
(See above for address)
*ATTORNEY TO BE NOTICED*

*Bar Status: Active*

**John W. Moticka**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 06/16/2023 | 1 | NOTICE OF REMOVAL from Circuit Court of Jackson County County, case number 2016–CV17871, filed by John W. Moticka. Filing fee $402, receipt number AMOWDC–8503492. (Attachments: # 1 Exhibit 1 – State Court File, # 2 Exhibit 1–2 – State Court File Part 2, # 3 Exhibit 1–3 – State Court File Part 3, # 4 Exhibit 1–4 – State Court File Part 4, # 5 Exhibit 1–5 – State Court File Part 5, # 6 Exhibit 1–6 – State Court File Part 6, # 7 Exhibit 1–7 – State Court File Part 7, # 8 Exhibit 1–8 – State Court File Part 8, # 9 Exhibit 1–9 – State Court File Part 9, # 10 Exhibit 2 – Second Amended Petition, # 11 Exhibit 3 – Harrington Declaration, # 12 Exhibit 4 – Wallis Declaration, # 13 Civil Cover Sheet)(Moticka, John) (Entered: 06/16/2023) |
| 06/16/2023 | 2 | NOTICE of appearance by John W. Moticka on behalf of All Defendants (Moticka, John) (Entered: 06/16/2023) |
| 06/16/2023 | 3 | DISCLOSURE OF CORPORATE INTERESTS filed by John W. Moticka on behalf of Defendant Edgewell Personal Care Brands, LLC.(Moticka, John) (Entered: 06/16/2023) |
| 06/16/2023 | 4 | DISCLOSURE OF CORPORATE INTERESTS filed by John W. Moticka on behalf of Defendant Edgewell Personal Care Company.(Moticka, John) (Entered: 06/16/2023) |
| 06/16/2023 | 5 | DISCLOSURE OF CORPORATE INTERESTS filed by John W. Moticka on behalf of Defendant Edgewell Personal Care, LLC.(Moticka, John) (Entered: 06/16/2023) |
| 06/16/2023 | 6 | DISCLOSURE OF CORPORATE INTERESTS filed by John W. Moticka on behalf of Defendant Playtex Manufacturing, Inc..(Moticka, John) (Entered: 06/16/2023) |
| 06/16/2023 | 7 | NOTICE of filing *Notice to Plaintiff of Filing Notice of Removal* by Edgewell Personal Care Company, Edgewell Personal Care, LLC, Playtex Manufacturing, Inc. (Moticka, John) (Entered: 06/16/2023) |
| 06/16/2023 | 8 | NOTICE of appearance by Megan A. McCurdy on behalf of All Defendants (Attorney Megan A. McCurdy added to party Edgewell Personal Care Brands, LLC(pty:dft), Attorney Megan A. McCurdy added to party Edgewell Personal Care Company(pty:dft), Attorney Megan A. McCurdy added to party Edgewell Personal Care, LLC(pty:dft), Attorney Megan A. McCurdy added to party Playtex Manufacturing, Inc.(pty:dft))(McCurdy, Megan) (Entered: 06/16/2023) |
| 06/16/2023 | 9 | NOTICE of appearance by Courtney Harrison on behalf of All Defendants (Attorney Courtney Harrison added to party Edgewell Personal Care Brands, LLC(pty:dft), Attorney Courtney Harrison added to party Edgewell Personal Care Company(pty:dft), Attorney Courtney Harrison added to party Edgewell Personal Care, LLC(pty:dft), Attorney Courtney Harrison added to party Playtex Manufacturing, |

| | | |
|---|---|---|
| | | Inc.(pty:dft))(Harrison, Courtney) (Entered: 06/16/2023) |
| 06/16/2023 | 10 | NOTICE of appearance by Ashley Marie Crisafulli on behalf of All Defendants (Attorney Ashley Marie Crisafulli added to party Edgewell Personal Care Brands, LLC(pty:dft), Attorney Ashley Marie Crisafulli added to party Edgewell Personal Care Company(pty:dft), Attorney Ashley Marie Crisafulli added to party Edgewell Personal Care, LLC(pty:dft), Attorney Ashley Marie Crisafulli added to party Playtex Manufacturing, Inc.(pty:dft))(Crisafulli, Ashley) (Entered: 06/16/2023) |
| 06/20/2023 | 11 | **NOTICE OF INCLUSION FOR MEDIATION AND ASSESSMENT PROGRAM (MAP). REVIEW NOTICE AND MAP GENERAL ORDER CAREFULLY FOR DEADLINES AND REQUIREMENTS.** <br><br> <span style="color:red">**Notice of MAP assignment to Program Director.**</span> (Attachments: # 1 MAP General Order)(Woods, Gloria) (Entered: 06/20/2023) |
| 06/20/2023 | 12 | NOTICE of filing *Defendants' Suggestions in Opposition to Plaintiff's Motion to Approve and Disseminate Class Notice* by Edgewell Personal Care Brands, LLC, Edgewell Personal Care Company, Edgewell Personal Care, LLC, Playtex Manufacturing, Inc. (Moticka, John) (Entered: 06/20/2023) |
| 06/22/2023 | 13 | ORDER OF RECUSAL. Signed on 6/22/23 by District Judge Gary A. Fenner. (Mitchell, Lisa) Modified on 6/22/2023. Judge Kays reassigned to case. (Crocker, Susan). (Entered: 06/22/2023) |
| 06/23/2023 | 14 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Plaintiff's Second Amended Class Action Petition* filed by Megan A. McCurdy on behalf of All Defendants. Suggestions in opposition/response due by 7/7/2023 unless otherwise directed by the court. (McCurdy, Megan) (Entered: 06/23/2023) |
| 06/23/2023 | 15 | SUGGESTIONS in support re 14 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Plaintiff's Second Amended Class Action Petition* filed by Megan A. McCurdy on behalf of Defendants Edgewell Personal Care Brands, LLC, Edgewell Personal Care Company, Edgewell Personal Care, LLC, Playtex Manufacturing, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Related document(s) 14 ) (McCurdy, Megan) (Entered: 06/23/2023) |
| 07/07/2023 | 16 | MOTION for extension of time to file response/reply as to 14 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Plaintiff's Second Amended Class Action Petition* filed by Katherine Feierabend on behalf of All Plaintiffs. Suggestions in opposition/response due by 7/21/2023 unless otherwise directed by the court. (Related document(s) 14 ) (Feierabend, Katherine) (Entered: 07/07/2023) |
| 07/11/2023 | 17 | ORDER TEMPORARILY STAYING CASE. Plaintiff's 16 motion for extension of time to respond to Defendants' motion to dismiss is DENIED AS MOOT. Plaintiff shall file her motion to remand on or before July 28, 2023. Defendants shall respond on or before August 11, 2023. Plaintiffs reply, if any, shall be filed within seven (7) days thereafter. Signed on July 11, 2023, by District Judge Greg Kays. (Law Clerk). (Entered: 07/11/2023) |
| 07/28/2023 | 18 | MOTION to remand *case to Circuit Court of Jackson County, Missouri* filed by David Lee Heinemann on behalf of Connie Curts. Suggestions in opposition/response due by 8/11/2023 unless otherwise directed by the court. (Heinemann, David) (Entered: 07/28/2023) |

| 07/28/2023 | 19 | SUGGESTIONS in support re 18 MOTION to remand *case to Circuit Court of Jackson County, Missouri* filed by David Lee Heinemann on behalf of Plaintiff Connie Curts. (Attachments: # 1 Exhibit A – Docket Report for 8th Cir. Case No. 22–8021, # 2 Exhibit B – Eighth Circuit order denying permission to appeal remand order)(Related document(s) 18 ) (Heinemann, David) (Entered: 07/28/2023) |
|---|---|---|
| 08/11/2023 | 20 | SUGGESTIONS in opposition re 18 MOTION to remand *case to Circuit Court of Jackson County, Missouri* filed by Megan A. McCurdy on behalf of Defendants Edgewell Personal Care Brands, LLC, Edgewell Personal Care Company, Edgewell Personal Care, LLC, Playtex Manufacturing, Inc.. Reply suggestions due by 8/25/2023 unless otherwise directed by the court. (Related document(s) 18 ) (McCurdy, Megan) (Entered: 08/11/2023) |
| 08/18/2023 | 21 | REPLY SUGGESTIONS to motion re 18 MOTION to remand *case to Circuit Court of Jackson County, Missouri* filed by David Lee Heinemann on behalf of Plaintiff Connie Curts. (Attachments: # 1 Exhibit C – Defendants' Notice of Removal in Case No. 22–235)(Related document(s) 18 ) (Heinemann, David) (Entered: 08/18/2023) |
| 10/17/2023 | 22 | ORDER denying 18 Plaintiff's motion to remand. Signed on 10/17/2023 by District Judge Greg Kays. (Law Clerk) (Entered: 10/17/2023) |
| 10/19/2023 | 23 | ORDER LIFTING TEMPORARY STAY. On July 11, 2023, the Court temporarily stayed the case pending Plaintiff's motion to remand. Now that the Court has ruled on the motion, the temporary stay is lifted. Plaintiff shall file her response to Defendants' motion to dismiss on or before November 2, 2023. Defendants' reply, if any, shall be filed fourteen (14) days thereafter. Signed on 10/19/2023 by District Judge Greg Kays. This is a TEXT ONLY ENTRY. No document is attached. (Law Clerk) (Entered: 10/19/2023) |
| 10/23/2023 | 24 | AMENDED COMPLAINT against All Defendants filed by David Lee Heinemann on behalf of Connie Curts.(Heinemann, David) (Entered: 10/23/2023) |
| 11/02/2023 | 25 | SUGGESTIONS in opposition re 14 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Plaintiff's Second Amended Class Action Petition* filed by David Lee Heinemann on behalf of Plaintiff Connie Curts. Reply suggestions due by 11/16/2023 unless otherwise directed by the court. (Attachments: # 1 Exhibit A – Souter v. Edgewell Personal Care Co., 2022 WL 5011747 (9th Cir. Aug. 7, 2023))(Related document(s) 14 ) (Heinemann, David) (Entered: 11/02/2023) |
| 11/06/2023 | 26 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Megan A. McCurdy on behalf of All Defendants. Suggestions in opposition/response due by 11/20/2023 unless otherwise directed by the court. (McCurdy, Megan) (Entered: 11/06/2023) |
| 11/06/2023 | 27 | SUGGESTIONS in support re 26 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Megan A. McCurdy on behalf of Defendants Edgewell Personal Care Brands, LLC, Edgewell Personal Care Company, Edgewell Personal Care, LLC, Playtex Manufacturing, Inc.. (Attachments: # 1 Affidavit Barbara Massa Declaration)(Related document(s) 26 ) (McCurdy, Megan) (Entered: 11/06/2023) |
| 11/06/2023 | 28 | NOTICE of filing *Defendants' Request for Judicial Notice* by Edgewell Personal Care Brands, LLC, Edgewell Personal Care Company, Edgewell Personal Care, LLC, Playtex Manufacturing, Inc. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(McCurdy, Megan) (Entered: 11/06/2023) |

| | | |
|---|---|---|
| 11/17/2023 | 29 | Consent MOTION for extension of time to file response/reply as to 26 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 28 Notice of filing, *and for leave to exceed page limits in response to motion to dismiss* filed by David Lee Heinemann on behalf of Connie Curts. Suggestions in opposition/response due by 12/1/2023 unless otherwise directed by the court. (Related document(s) 26 , 28 ) (Heinemann, David) (Entered: 11/17/2023) |
| 11/20/2023 | 30 | ORDER granting 29 Plaintiff's unopposed motion for extension of time. Plaintiff shall file her suggestions in opposition to Defendants' Motion to Dismiss 26 and her response to Defendant's Request for Judicial Notice 28 on or before December 4, 2023. Plaintiff's suggestions in opposition shall not exceed 25 pages. Signed on 11/20/2023 by District Judge Greg Kays. This is a TEXT ONLY ENTRY. No document is attached. (Law Clerk) (Entered: 11/20/2023) |
| 11/20/2023 | 31 | RULE 16 NOTICE. Rule 26 conference due by 1/2/2024. Proposed scheduling order due by 1/16/2024. Signed on 11/20/23 by District Judge Greg Kays. (Strodtman, Tracy) (Entered: 11/20/2023) |
| 12/04/2023 | 32 | Consent MOTION for extension of time to file response/reply as to 26 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 28 Notice of filing, 27 Suggestions in Support of Motion, *and for extension of time for Defendants to file their reply suggestions* filed by David Lee Heinemann on behalf of Connie Curts. Suggestions in opposition/response due by 12/18/2023 unless otherwise directed by the court. (Related document(s) 26 , 28 , 27 ) (Heinemann, David) (Entered: 12/04/2023) |
| 12/05/2023 | 33 | DISCLOSURE OF CORPORATE INTERESTS *for EPC Brands LLC* filed by John W. Moticka on behalf of Defendants Edgewell Personal Care Brands, LLC, Edgewell Personal Care Company, Edgewell Personal Care, LLC, Playtex Manufacturing, Inc..(Moticka, John) (Entered: 12/05/2023) |
| 12/05/2023 | 34 | DISCLOSURE OF CORPORATE INTERESTS *for Playtex Manufacturing Inc.* filed by John W. Moticka on behalf of Defendants Edgewell Personal Care Brands, LLC, Edgewell Personal Care Company, Edgewell Personal Care, LLC, Playtex Manufacturing, Inc..(Moticka, John) (Entered: 12/05/2023) |
| 12/05/2023 | 35 | DISCLOSURE OF CORPORATE INTERESTS *for EPC Company* filed by John W. Moticka on behalf of Defendants Edgewell Personal Care Brands, LLC, Edgewell Personal Care Company, Edgewell Personal Care, LLC, Playtex Manufacturing, Inc..(Moticka, John) (Entered: 12/05/2023) |
| 12/05/2023 | 36 | DISCLOSURE OF CORPORATE INTERESTS *EPC LLC* filed by John W. Moticka on behalf of Defendants Edgewell Personal Care Brands, LLC, Edgewell Personal Care Company, Edgewell Personal Care, LLC, Playtex Manufacturing, Inc..(Moticka, John) (Entered: 12/05/2023) |
| 12/07/2023 | 37 | ORDER granting 32 Plaintiff's unopposed motion for extension of time. Plaintiff shall file her suggestions in opposition to Defendants' Motion to Dismiss 26 and her response to Defendant's Request for Judicial Notice 28 on or before December 11, 2023. Defendants shall file their reply suggestions on or before January 8, 2024. Signed on 12/7/2023 by District Judge Greg Kays. This is a TEXT ONLY ENTRY. No document is attached. (Law Clerk) (Entered: 12/07/2023) |
| 12/07/2023 | 38 | DESIGNATION OF NEUTRAL naming deferred by MAP Program Director(Heinemann, David) (Entered: 12/07/2023) |

| | | |
|---|---|---|
| 12/11/2023 | 39 | NOTICE of filing *Plaintiff's Response to Defendants' Request for Judicial Notice* by Connie Curts re 28 Notice of filing, (Heinemann, David) (Entered: 12/11/2023) |
| 12/11/2023 | 40 | SUGGESTIONS in opposition re 26 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by David Lee Heinemann on behalf of Plaintiff Connie Curts. Reply suggestions due by 12/26/2023 unless otherwise directed by the court. (Related document(s) 26 ) (Heinemann, David) (Entered: 12/11/2023) |
| 01/08/2024 | 41 | REPLY SUGGESTIONS to motion re 26 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *In Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint* filed by Megan A. McCurdy on behalf of Defendants Edgewell Personal Care Brands, LLC, Edgewell Personal Care Company, Edgewell Personal Care, LLC, Playtex Manufacturing, Inc.. (Related document(s) 26 ) (McCurdy, Megan) (Entered: 01/08/2024) |
| 01/08/2024 | 42 | NOTICE of filing *Defendants' Reply in Support of Request for Judicial Notice* by Edgewell Personal Care Brands, LLC, Edgewell Personal Care Company, Edgewell Personal Care, LLC, Playtex Manufacturing, Inc. (McCurdy, Megan) (Entered: 01/08/2024) |
| 01/16/2024 | 43 | Joint PROPOSED SCHEDULING ORDER by Connie Curts. (Heinemann, David) (Entered: 01/16/2024) |
| 01/17/2024 | | NOTICE OF DOCKET MODIFICATION. A modification has been made to the document filed on 1/16/2024 as Document No. 43, Joint PROPOSED SCHEDULING ORDER. The document has been deleted per Administrative Procedures wherein it is stated proposed scheduling orders should not contain a signature line for the presiding judge. The proposed scheduling order should include the electronic signature of both the filing and opposing counsel. This is a text entry only – no document is attached. (Houston, Kiambu) (Entered: 01/17/2024) |
| 01/17/2024 | 44 | Joint PROPOSED SCHEDULING ORDER *(corrected)* by Connie Curts. (Heinemann, David) (Entered: 01/17/2024) |
| 02/01/2024 | 45 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by Megan A. McCurdy on behalf of Defendants Edgewell Personal Care Brands, LLC, Edgewell Personal Care Company, Edgewell Personal Care, LLC, Playtex Manufacturing, Inc..(McCurdy, Megan) (Entered: 02/01/2024) |
| 02/01/2024 | 46 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by David Lee Heinemann on behalf of Plaintiff Connie Curts.(Heinemann, David) (Entered: 02/01/2024) |
| 02/02/2024 | 47 | ORDER granting 26 Defendants' motion to dismiss Plaintiff's Third Amended Complaint. Signed on 2/2/2024 by District Judge Greg Kays. (Law Clerk) (Entered: 02/02/2024) |
| 02/05/2024 | 48 | CLERK'S JUDGMENT. (Strodtman, Tracy) (Entered: 02/05/2024) |
| 03/05/2024 | 49 | NOTICE OF APPEAL by Connie Curts. Filing fee $ 605, receipt number AMOWDC–8899125. (Attachments: # 1 Exhibit 1 – Judgment dated 2–5–24, # 2 Exhibit 2 – Order dated 10–17–23, # 3 Exhibit 3 – Order dated 2–2–24)(Heinemann, David) (Entered: 03/05/2024) |
| | | *Main Document* |

|  |  | Attachment # 1 *Exhibit 1 − Judgment dated 2−5−24* |
|--|--|----------------------------------------------------|
|  |  | Attachment # 2 *Exhibit 2 − Order dated 10−17−23* |
|  |  | Attachment # 3 *Exhibit 3 − Order dated 2−2−24* |
| 03/06/2024 | <u>50</u> | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document <u>49</u> Notice of Appeal. (Terry, Jason) (Entered: 03/06/2024) |

| | | |
|---|---|---|
| CONNIE CURTS, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:23-cv-00427-DGK |
| EDGEWELL PERSONAL CARE COMPANY et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO DISMISS

This class action arises from the marketing and sale of Wet Ones® antibacterial hand wipes. Plaintiff Connie Curts alleges Defendants Edgewell Personal Care Company ("Edgewell"), Edgewell Personal Care, LLC ("EPC"), Edgewell Personal Care Brands, LLC ("EPC Brands"), and Playtex Manufacturing, Inc.'s ("Playtex") representation that Wet Ones® kill 99.99% of germs (the "99.99% Claim") is false, deceptive, and misleading under the Missouri Merchandising Protection Act ("MMPA"), Mo. Rev. Stat. §§ 407.010–407.130.

Now before the Court is Defendants' motion to dismiss Plaintiff's Third Amended Complaint ("TAC"). ECF No. 26. For the reasons discussed below, the motion is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE

### Background

Plaintiff filed this a class action lawsuit against Edgewell on August 27, 2020, in the Circuit Court of Jackson County, Missouri. After almost three years of state court litigation, Plaintiffs were required to join Edgewell's subsidiaries, EPC, EPC Brands, and Playtex as necessary parties. Defendants then removed the case to this Court asserting jurisdiction under the Class Action Fairness Act of 2005. The Court denied Plaintiff's motion to remand, ECF No. 22, and Plaintiff

filed the TAC on October 23, 2023, ECF No. 24.

Plaintiff's principal allegation is that the 99.99% Claim "is false, deceptive, and misleading" because "the common and ordinary use of Wet Ones® does not kill more than 99.99% of germs." TAC ¶¶ 40, 63. Specifically, Plaintiff alleges the active ingredients in Defendants' non-alcoholic hand wipes—Benzethonium Chloride and Benzalkonium Chloride—"are less effective than alcohol in killing certain types of bacteria and viruses." TAC ¶ 47.

Much of the TAC centers around the meaning of the term "germs" as it appears on the Wet Ones® label. Plaintiff alleges the ordinary meaning of "germs" means all "pathogenic microorganisms including bacteria, viruses, and fungi." TAC ¶ 51. These pathogenic microorganisms allegedly include "non-enveloped viruses, gram-negative bacteria, and bacterial spores. . . . [which] include hundreds of species including categories of microorganisms that are commonly encountered and easily transmitted by hand-to-hand or surface-to-hand contact." TAC ¶ 53. Plaintiff alleges the 99.99% Claim "implies that Defendants tested the product against all germs, including pathogenic bacteria and viruses," when in fact they "have not tested the product to confirm its germ-killing ability." TAC ¶ 84. Plaintiff alleges the non-alcoholic Wet Ones®— like the ones she purchased—are ineffective against the human papilloma virus ("HPV"), C. Difficile, Cryptosporidium, and human coronaviruses, thus rendering the 99.99% Claim misleading. TAC ¶¶ 54–55, 59.

Plaintiff alleges she relied on the 99.99% Claim when she purchased Wet Ones® for her elderly mother-in-law who had "a history of C. Difficile infections and chronic urinary tract infections" and was unable "to wash her hands adequately." TAC ¶ 64. Plaintiff purchased Wet Ones® because she wanted a product that would "disinfect [her mother-in-law's] hands properly," "protect [her mother-in-law] from microbial infections," and provide "maximum value by

[offering] maximum protection for the price." TAC ¶¶ 64, 66.  Plaintiff states she never would have purchased Wet Ones® had she known the 99.99% Claim was false.  TAC ¶ 67.

Plaintiff further alleges the 99.99% Claim "deprived all [Wet Ones®] consumers of the benefit of the bargain and caused them ascertainable loss because the product purchased did not have the qualities and characteristics advertised and was worth less than a product actually having the advertised features."  TAC ¶ 68.  Plaintiff claims the measure of damages is a "portion of the product purchase price . . . reflecting the value of misrepresented product attributes."  *Id.*

Defendants now move to dismiss the TAC pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendants argue the TAC: (1) fails to meet the MMPA's reasonable consumer standard[1]; (2) fails to state a claim under the MMPA; and (3) fails to meet Rule 9(b)'s heightened pleading standard.

## Standard

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).  To avoid dismissal, a

---

[1]  It appears Defendants argue the reasonable consumer standard based on the MMPA's amended language.  *See* Suggestions in Supp. at 3–4, ECF No. 27 (citing the amended language and cases applying the amended language). In 2020, the Missouri General Assembly amended the MMPA and added explicit "reasonable consumer" requirements.  *See* Mo. Rev. Stat. § 407.025.1(2)(a)–(b) (requiring plaintiffs raising claims under the MMPA after August 28, 2020, to establish they "acted as a reasonable consumer would in light of all circumstance," and the defendant's conduct "would cause a reasonable person to enter into the transaction"); S.B. 591, 100th Gen. Assemb., Second Reg. Sess. (Mo. 2020).  But because this case was filed before the amendments took effect, these additional requirements do not apply to this motion to dismiss.  *See Schulte v. Conopco, Inc.*, 997 F.3d 823, 825 n.2 (8th Cir. 2021); *Abbott v. Golden Grain Co.*, No. 22-CV-01240-SRC, 2023 WL 3975107, at *4 (E.D. Mo. June 13, 2023) (finding the 2020 amendments added "three elements to the original four set by the pre-amendment MMPA").  Rather, pre-amendment violations of the MMPA are analyzed under a different reasonable consumer standard which "is generally a question of fact to be tried by a fact finder and is inappropriate to be resolved in a motion to dismiss." *Webb v. Dr Pepper Snapple Grp., Inc.*, No. 17-00624-CV-RK, 2018 WL 1955472, at *3 (W.D. Mo. Apr. 25, 2018) (citing *Hurst v. Nissan N. Am., Inc.*, No. WD 78665, 2016 WL 1128297, at *8 n.8 (Mo. Ct. App. Mar. 22, 2016)). Accordingly, because the MMPA's amended language does not apply to this case, the Court does not address Defendants reasonable consumer argument.

complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court construes Plaintiff's Complaint liberally and draws all reasonable inferences from the facts in Plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

Further, allegations of fraud must be plead with particularity. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). "Claims alleging deceptive practices under the MMPA sound in fraud and are subject to Rule 9(b)'s heightened pleading standard." *Hennessey v. Gap, Inc.*, 86 F.4th 823, 827 (8th Cir. 2023). This requires Plaintiffs to "plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Id.* (internal quotations and citation omitted).

## Discussion

Plaintiff alleges the 99.99% Claim is false, deceptive, and misleading under the MMPA. The MMPA makes unlawful "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." Mo. Rev. Stat. § 407.020.1. To state a claim under the MMPA, Plaintiff must allege she: "(1) purchased merchandise . . . from [Defendants]; (2) for personal, family, or household purposes; and (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful under [§ 407.020.1]." *Goldsmith v. Lee Enterprises, Inc.*, 57 F.4th 608, 615 (8th Cir. 2023) (citing *Murphy v. Stonewall Kitchen, LLC*, 503 S.W.3d 308, 311 (Mo. Ct. App. 2016); *see also* Mo. Rev. Stat. § 407.025.1(1).

Defendants argue this case should be dismissed because Plaintiff fails to plead the third

4

and fourth elements of her MMPA claim. On the ascertainable loss element, Defendants argue "Plaintiff fails to plead specific facts supporting the existence of ascertainable loss to raise a right to relief above a speculative level." Suggestions in Supp. at 10 (internal quotations and citation omitted). Although not presented under Rule 9(b), the Court finds Plaintiff has not alleged ascertainable loss with level of particularity Rule 9(b) requires.

"The ascertainable loss element [of an MMPA claim] incorporates Missouri's 'benefit of the bargain' common law fraud remedy. . . . [which] is the difference between the value of the product as represented and the actual value of the product as received." *Goldsmith*, 57 F.4th at 615. (internal quotations and citations omitted). Under Rule 9(b), this requires Plaintiff to "plead with particularity not only the value represented, but also the actual value of the product as received in order to establish ascertainable loss." *Hennessey*, 86 F.4th at 830 (citation omitted). Plaintiff has not made this showing. While Plaintiff states generally she paid more for Wet Ones® than they were worth, she does not allege the actual value of the product as received. This leaves the Court to speculate whether Wet Ones®'s alleged failure to prevent HPV, C. Difficile, Cryptosporidium, and human coronaviruses supports a reduced value, and if so, what the reduced value should be.

On the unlawful act element, Defendants claim that "[d]etermining whether a percentage kill claim is true, however, requires a numerator and a denominator," and Plaintiff fails to allege either. Suggestions in Supp. at 14. Plaintiff contends Rule 9(b) does not require her to plead "the mathematical process by which Plaintiff can prove [misrepresentation]." Suggestions in Opp'n at 19, ECF No. 40. Although Rule 9(b) does not require a precise calculation of all known "bacteria, viruses, and fungi" Wet Ones® do and do not kill, the Court finds that more factual support is required.

Plaintiff alleges the term "germs" means all pathogenic microorganisms, which include an

unspecified hundreds of species of bacteria, viruses, and fungi. Plaintiff alleges the 99.99% Claim implies Wet Ones® have been tested against *all* pathogenic microorganism even though no testing occurred. Plaintiff further alleges non-alcoholic Wet Ones® are ineffective against HPV, C. Difficile, Cryptosporidium, and human coronaviruses.

Even when taken as true, these allegations do not indicate the 99.99% Claim is false, deceptive, and misleading. All these allegations establish is that Wet Ones® are ineffective against certain pathogenic microorganisms, not that they fail to kill more than 0.01% of all pathogenic microorganisms. Thus, the Court is left to speculate whether an alleged failure to prevent HPV, C. Difficile, Cryptosporidium, and human coronaviruses is sufficient to show the 99.99% Claim is false. Again, this is precisely the type of speculative pleading Rule 9(b) guards against. Simply, Plaintiff's undefined universe of "germs" provides no guidance to infer the 99.99% Claim is an unlawful act under § 407.020.1.

Accordingly, because Plaintiff has failed to satisfy Rule 9(b)'s requirements on two elements of her MMPA claim, dismissal is appropriate.

## Conclusion

For the forgoing reasons, the Defendants' motion to dismiss is GRANTED. This case is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date:   February 2, 2024                          /s/ Greg Kays
                                                  GREG KAYS, JUDGE
                                                  UNITED STATES DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| CONNIE CURTS, on behalf of herself, and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:23-cv-00427-DGK |
| EDGEWELL PERSONAL CARE COMPANY, et al., | ) ) ) ) | |
| Defendants. | ) | |

## JUDGMENT IN A CIVIL ACTION

_____ **Jury Verdict**.  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

__X__  **Decision by Court.**  This action has been considered and a decision has been rendered by the Court.

**IT IS ORDERED AND ADJUDGED** that Defendants' Motion to dismiss (Doc. 26) is GRANTED. This case is DISMISSED WITHOUT PREJUDICE.

February 2, 2024_____                    Paige Wymore-Wynn_____
Dated                                     Clerk of Court

February 5, 2024_____                    /s/ Tracy Strodtman_____
Entered                                   (by) Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| CONNIE CURTS, individually and on behalf of others similarly situated, | ) ) ) | |
| *Plaintiff,* | ) ) | Case No. 4:23-cv-00427-DGK |
| v. | ) ) | |
| EDGEWELL PERSONAL CARE COMPANY, et al., | ) ) ) | |
| *Defendants.* | ) | |

## <u>NOTICE OF APPEAL</u>

Plaintiff Connie Curts, individually and on behalf of all others similarly situated ("Plaintiff"), hereby appeals to the United States Court of Appeals for the Eighth Circuit from the final judgment of the District Court entered on February 5, 2024 (<u>Doc. 48</u>), and the orders by the District Court dated October 17, 2023 denying Plaintiff's motion to remand (<u>Doc. 22</u>) and dated February 2, 2024 granting Defendants' motion to dismiss Plaintiff's Amended Complaint (<u>Doc. 47</u>). A copy of the judgment and orders appealed from are attached hereto as Exhibits 1-3.

Dated: March 5, 2024

Respectfully submitted,

SHANK & HEINEMANN, LLC

By: _/s/ David L. Heinemann_
           Christopher S. Shank    MO #28760
           David L. Heinemann    MO #37622
           Katherine A. Feierabend   MO #73699
           1968 Shawnee Mission Pkwy, Suite 100
           Mission Woods, Kansas 66205
           Telephone:   816.471.0909
           Facsimile:    816.471.3888
           chris@shanklawfirm.com
           david@shanklawfirm.com
           katie@shanklawfirm.com

*Attorneys for Plaintiff Connie Curts*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March 2024, the foregoing document was electronically filed with the Court using the CM/ECF system, which will provide electronic notice of this filing to the following counsel of record:

John W. Moticka
Stinson LLP
7700 Forsyth Boulevard, Suite 1100
St. Louis, MO 63105
john.moticka@stinson.com

Megan A. McCurdy
Ashley M. Crisafulli
Courtney J. Harrison
Stinson LLP
1201 Walnut, Suite 2900
Kansas City, MO 64106
megan.mccurdy@stinson.com
ashley.crisafulli@stinson.com
courtney.harrison@stinson.com

*Attorneys for Defendants*

          _/s/ David L. Heinemann_
          Attorney for Plaintiff

**Exhibit 1**

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| CONNIE CURTS, on behalf of herself, and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:23-cv-00427-DGK |
| EDGEWELL PERSONAL CARE COMPANY, et al., | ) ) ) | |
| Defendants. | ) ) | |

## JUDGMENT IN A CIVIL ACTION

_____ **Jury Verdict**.  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

__X__ **Decision by Court.**  This action has been considered and a decision has been rendered by the Court.

**IT IS ORDERED AND ADJUDGED** that Defendants' Motion to dismiss (Doc. 26) is GRANTED. This case is DISMISSED WITHOUT PREJUDICE.

February 2, 2024_____          Paige Wymore-Wynn_____
Dated                          Clerk of Court

February 5, 2024_____         /s/ Tracy Strodtman_____
Entered                        (by) Deputy Clerk

Exhibit 2

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| CONNIE CURTS, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:23-cv-00427-DGK |
| EDGEWELL PERSONAL CARE COMPANY et al., | ) ) ) | |
| Defendants. | ) ) | |

<u>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**</u>

This case arises from the marketing and sale of Wet Ones® antibacterial hand wipes. Plaintiff Connie Curts filed a class action against Defendant Edgewell Personal Care Company ("Edgewell") in Missouri state court alleging Edgewell's representations that Wet Ones® kill 99.99% of germs were false, deceptive, and misleading under the Missouri Merchandising Protection Act[1] ("MMPA"). Plaintiff originally named Edgewell as the sole defendant. After three Edgewell subsidiaries—Edgewell Personal Care, LLC ("EPC"), Edgewell Personal Care Brands, LLC ("EPC Brands"), and Playtex Manufacturing, Inc. ("Playtex")—were joined as necessary parties, all four Defendants removed the case to this Court asserting jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").

Now before the Court is Plaintiff's motion to remand. ECF No. 18. For the reasons discussed below, the motion is DENIED.

---

[1] Mo. Rev. Stat. §§ 407.010 *et seq.*

## Procedural Background[2]

On August 27, 2020, Plaintiff, a Missouri citizen, filed a Class Action Petition ("original Petition") against Edgewell in the Circuit Court of Jackson County, Missouri "on behalf of herself and all other similarly situated Missouri consumers." ECF No. 1-1 at 2–3. Plaintiff's original Petition named Edgewell, a Missouri Corporation, as the sole defendant and brought a single count against Edgewell for the violating the MMPA.

Edgewell was served a copy of the original Petition on September 14, 2020. *Id.* at 34. On November 25, 2020, Edgewell filed its Answer and raised an affirmative defense that "Plaintiff has failed to join necessary and/or indispensable parties pursuant to Rule 52.04." *Id.* at 51. Over the course of the next year, Edgewell responded to Plaintiff's requests for discovery and took Plaintiff's deposition. *See id.* at 104, 108–10. On October 19, 2021, Edgewell filed a Motion for Summary Judgment, arguing Plaintiff sued the wrong defendant because its subsidiaries—EPC, EPC Brands, and Playtex—were primarily responsible for the conduct alleged in the original Petition. *See id.* at 151; ECF No. 1-2 at 53–54. Edgewell further argued Plaintiff lacked standing because she did not purchase Wet Ones® containing the active ingredient benzalkonium chloride as alleged in her Petition. ECF No. 1-2 at 55. That same day, Edgewell filed its opposition to class certification raising the same grounds. *Id.* at 60.

On December 1, 2021, Plaintiff filed a Motion for Leave to Amend her Petition to include Wet Ones® manufactured with the active ingredient benzethonium chloride—which she purchased—to remedy her standing issues and to challenge the marketing of both forulations of Wet Ones®. *See* ECF No. 1-3 at 84–85. On December 2, 2021, Plaintiff opposed summary judgment arguing Edgewell is the proper defendant under the MMPA. *See* ECF No. 1-4 at 118–

---

[2] The Court includes only the procedural history necessary for ruling on the motion to remand. It excludes unnecessary discussion of the parties' underlying state court litigation.

19. Specifically, Plaintiff argued Edgewell cannot "defeat liability under the MMPA by delegating the manufacture, distribution, marketing and sale of a product to wholly-owned subsidiary corporations and limited liability companies." *Id.*

The Circuit Court granted Plaintiff's leave to amend her Petition on December 20, 2021, and Plaintiff filed her First Amended Class Action Petition ("FAP") the same day naming Edgewell as the sole defendant. *See id.* at 128–29. On January 22, 2022, Edgewell filed its Answer to the FAP again raising the affirmative defense that "Plaintiff has failed to join necessary and/or indispensable parties pursuant to Rule 52.04." *Id.* at 157.

On December 30, 2021, the Circuit Court denied Edgewell's Motion for Summary Judgment in one-paragraph order noting Edgewell "failed to establish that there is no material genuine issue as to the facts pertaining to the Plaintiff's claims." *Id.* at 148. On February 3, 2022, Edgewell moved to vacate the Circuit Court's denial of summary judgment arguing Plaintiff abandoned her original Petition when she filed the FAP and therefore the original Petition should not be considered for any purpose including summary judgment. *Id.* at 163.

On March 9, 2022, Edgewell filed a Motion to Join Additional Parties, arguing EPC, EPC Brands, and Playtex were necessary parties under Missouri Rule of Civil Procedure 52.04. *Id.* at 201–02. Edgewell argued without joinder "(1) Plaintiffs cannot be accorded complete relief; (2) the absent parties ability to protect their interests is impaired or impeded; and (3) Edgewell [] is subject to risk of multiple or otherwise inconsistent obligations." *Id.* at 202. Plaintiff opposed both of Edgewell's motions. *See id.* at 170, 232.

The Circuit Court ultimately certified the class but granted Edgewell's remaining motions. On March 22, 2022, the Circuit Court vacated its previous order denying summary judgment and entered a new order denying Edgewell's Motion for Summary Judgment as moot. *Id.* at 276–78.

That same day, the Circuit Court granted Edgewell's Motion to Join Additional Parties. *Id.* at 278. The Circuit Court's order did not name EPC, EPC Brands, or Playtex, or require them to be joined. *See id.* On March 29, 2022, the same attorneys representing Edgewell entered an appearance for EPC, EPC Brands, and Playtex even though they had not yet been joined as defendants. *See id.* at 279.

On April 8, 2022, Edgewell, EPC, EPC Brands, and Playtex (collectively "Defendants") removed the case to this Court citing 28 U.S.C. §§ 1441, 1446, and CAFA, 28 U.S.C. §§ 1332(d) and 1453. ECF No. 1-5 at 5. In support of removal, Edgewell attached the FAP and the Circuit Court's order granting its motion to join additional parties. On May 9, 2022, Plaintiff filed a motion to remand the case to the Circuit Court of Jackson County, Missouri.

On December 14, 2022, this Court remanded finding minimal diversity under CAFA to be lacking. *Curts v. Edgewell Personal Care Company*, 22-cv-00235-GAF, Remand Order, at 7, ECF No. 46. The Court noted that the Circuit Court's joinder order made no mention of EPC, EPC Brands, or Playtex nor required their joinder. *Id.* Because the Circuit Court's joinder order neither made removability ascertainable nor could be construed to satisfy diversity, the Court granted Plaintiff's motion to remand. *Id.* at 9. The Court also raised concerns about Edgewell's tactical delay in seeking removal noting "[p]ersuasive authority suggests such dilatory tactics should not be rewarded." *Id.* at 9–10.

After the case was remanded back to the Jackson County Circuit Court, Defendants filed a "Motion to Amend and/or Clarify This Court's March 22, 2022 Order." ECF No. 1-8 at 20–23. Specifically, Defendants sought an order (1) stating EPC, EPC Brands, and Playtex were necessary parties that are joined as defendants in the case, and (2) ordering Plaintiff to file a Second Amended Petition against all defendants. *Id.* at 2.

4

On June 1, 2023, the Circuit Court entered an amended order stating EPC, EPC Brands, and Playtex are necessary parties "and shall be added as defendants in this action" and ordering Plaintiff to file a Second Amended Petition. ECF No. 1-9 at 140–41.

On June 12, 2023, Plaintiff filed her Second Amended Class Action Petition ("SAP"). *Id.* at 251. The SAP named all defendants—Edgewell, EPC, EPC Brands, and Playtex—but did not assert any claims against EPC, EPC Brands, or Playtex. *Id.* at 252. As with the original Petition and FAP, the SAP asserts a single count against Edgwell for allegedly violating the MMPA. *Id.* at 263–66.

On June 16, 2023, Defendants removed the case to this Court for second time again citing 28 U.S.C. §§ 1441, 1446, 1332(d) and 1453. ECF. No. 1. On July 28, 2023, Plaintiff again moved to remand. ECF No. 18.

## Standard

A defendant may remove a case to federal court where the federal court would have had original jurisdiction if the suit had originally been filed there. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of establishing federal jurisdiction. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). All doubts about removal are resolved in favor of remand. *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

To establish CAFA jurisdiction, the removing party must show that the aggregate amount in controversy in the class action exceeds $5,000,000 and "there is minimal (as opposed to complete) diversity among the parties, i.e., any class member and any defendant are citizens of different states; and there are at least 100 members in the class." *Westerfeld v. Indep. Processing LLC*, 621 F.3d 819, 822 (8th Cir. 2010) (citing 28 U.S.C. § 1332(d)).

## Discussion

None of CAFA's jurisdictional requirements are at issue in this case. The primary dispute over removal is whether Defendants could even exercise their statutory right to removal.

Plaintiff argues remand is appropriate on four grounds. First, the Court's first remand order precludes a second removal based on the same grounds. Second, removal was untimely and Edgwell waived its right to remove by litigating in state court. Third, removal is barred by the voluntary-involuntary rule.[3] And fourth, remand is required under CAFA's local-controversy exception. The Court addresses each in turn.

### I. The Court's first remand order does not preclude Defendants' second removal.

Plaintiff argues Defendants' removal is an improper "request for reconsideration" of the Court's first removal order. Plaintiff's argument incorporates two lines of reasoning: (1) Defendants seek to remove on the same grounds as the first removal; and (2) the Court's first order established removal was untimely because of Edgewell's tactical delay. Both arguments are unavailing.

After a case has been remanded to state court, a defendant may not again remove the case on the very same ground. *City of Creve Coeur, Missouri v. DirecTV LLC*, 58 F.4th 1013, 1016 (8th Cir. 2023) (citing *St. Paul & C. Ry. Co. v. McLean*, 108 U.S. 212, 217 (1883)); *cf.* 28 U.S.C. § 1447(d) (disallowing in most circumstances the district court to reconsider its own remand orders "by appeal or otherwise"). A second removal, however, is not based on the same grounds where the post-remand pleadings or conduct of the parties subsequently make the case removable. *See*

---

[3] The voluntary-involuntary rule is an exception to the time-of-filing rule which requires diversity of citizenship "both when the state petition is filed and when the petition for removal is filed." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011) (citations omitted). The voluntary-involuntary rule provides that when a "plaintiff voluntarily dismisses the diversity-destroying defendant, a defendant may then be able to remove the case." *Id.* The rule is based on the rationale that a defendant "has no control over whether the plaintiff voluntarily dismisses another defendant, so there is no risk that a defendant has changed its citizenship to manipulate jurisdiction." *Id.* at 976.

*Hill v. Lowe's Home Centers, LLC*, No. 21-CV-00185-SRC, 2022 WL 1202363, at *3 (E.D. Mo. Apr. 22, 2022) (collecting cases).

Contrary to Plaintiff's contention, Defendants second removal is not based on the same grounds as the first. At the time of the first removal, Edgewell was the only defendant to the suit. Because Plaintiff and Edgewell are citizens of Missouri, minimal diversity under CAFA was not met. Post-remand, however, the SAP joined EPC, EPC Brands, and Playtex as defendants. This post-remand activity established new grounds for removal—primarily, minimal diversity.[4] Accordingly, Defendants' second removal is based on new grounds and is not precluded by the Court's first remand order.

Plaintiff's second argument concerning tactical delay is also unpersuasive. Even if the first remand order rested on the Court's concerns of tactical delay, it would not preclude a second removal under § 1447(d). Section 1447(d)'s limit on reviewability applies only to prior remands based on grounds specified in § 1447(c)—*i.e.*, remand based on "any defect other than lack of subject matter jurisdiction." *See Stone v. J & M Sec., LLC*, 55 F.4th 1150, 1152 (8th Cir. 2022); 28 U.S.C. § 1447(c). Eighth Circuit case law makes clear § 1447(c)'s "any defect" language concerns defects in the removal process. *See, e.g.*, *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). Other circuits have characterized this as a "failure[] to comply with the statutory requirements for removal." *City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1095 (10th Cir. 2017) (noting these include noncompliance with the time limits in § 1446(b), the unanimity requirements in § 1446(b)(2)(A), and the forum-defendant rule in § 1441(b)).

Plaintiff argues Defendants' second removal is precluded because the Court's first remand

---

[4] Plaintiff is a citizen of Missouri, while EPC, EPC Brands, and Playtex are all incorporated in Delaware and have their principal places of business in Connecticut. *See* SAP at 4–5, ECF No. 1-10.

order found "§ 1446(b) does not apply to extend the thirty-day deadline for removal under the facts presented." Reply Suggestions at 2, ECF No. 21. Therefore, according to Plaintiff, remand was based on a "defect" under § 1447(c) and thus barred by § 1447(d). This is not so. Waiver by participation—*i.e.*, tactical delay—is not a procedural defect under § 1447(c) because it is not a statutory requirement. While a defendant's statutory right to removal can be waived by pre-removal litigation in state court, waiver only applies to litigation activity occurring *after a case becomes removable*. *See PR Grp., LLC v. Windmill Int'l, Ltd.*, 792 F.3d 1025, 1026 (8th Cir. 2015); *Parshall v. Menard, Inc.*, No. 4:16-CV-828 (CEJ), 2016 WL 3916394, at *3 (E.D. Mo. July 20, 2016) (citing cases). Stated differently, waiver by participation can occur before the thirty-day removal period in § 1446(b) expires. Thus, while waiver by participation and the removal period in § 1446(b) are related concepts, they operate independent of each other. *See Soto Enterprises, Inc.*, 864 F.3d at 1097 (holding waiver by participation "does not qualify as 'any defect' under § 1447(c)") because it is a "common-law creation not included in the removal statutes").

Accordingly, the Court's first remand order does not preclude Defendants' second removal.

## II. Defendants' second removal was timely.

Plaintiff presents two related arguments that Defendants' removal is untimely. First, Defendants' thirty-day removal period under § 1446(b) began running when Edgewell asserted it was not the proper defendant and thus expired well before this case was removed. Second, Defendants waived their right to removal by Edgewell actively litigating the case in state court. Both arguments are unpersuasive.

Under 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first

be ascertained that the case is one which is or has become removable." In the context of CAFA, "the thirty-day removal period set forth in § 1446(b)(3) does not begin to run until the defendant receives from the plaintiff an amended pleading, motion, order, or other paper from which the defendant can unambiguously ascertain that the CAFA jurisdictional requirements have been satisfied." *Gibson v. Clean Harbors Env't Servs., Inc.*, 840 F.3d 515, 519 (8th Cir. 2016) (internal quotation marks omitted). After removability is ascertained, a defendant can waive its statutory right to remove by seeking a pre-removal adjudication on the merits in state court. *PR Grp., LLC*, 792 F.3d at 1026. Thus, both of Plaintiff's arguments require Defendants to first have a statutory right of removal before that right can expire or be waived.

### A. Defendants' thirty-day removal period did not expire.

In support of her argument that Defendants' thirty-day removal period expired, Plaintiff cites *Howell v. Forest Pharms., Inc.*, No. 4:15-CV-1138 CEJ, 2015 WL 5561838 (E.D. Mo. Sept. 21, 2015). *Howell* addresses the situation where an "intended defendant" was mistakenly omitted or misnamed in the initial complaint but had actual notice it was the real party in interest. *See Howell*, 2015 WL 5561838, at *2. Under these circumstances, "courts have held that the thirty-day period for the 'real party defendant in interest' to remove begins as soon as it is 'on notice' of the plaintiff's mistake." *Id.* But that is not the case here. EPC, EPC Brands, and Playtex were neither the intended defendants in Plaintiff's original Petition or FAP, nor mistakenly omitted or misnamed. In fact, Plaintiff consistently maintains she did not make a mistake and sued the only liable party, Edgewell. *See, e.g.*, Suggestions in Supp. at 6 fn 1, ECF No. 19. Under *Howell*'s rationale[5]—and Plaintiff's own admissions—Defendants had no right of removal under the

---

[5] The other out-of-circuit cases Plaintiff cites are similarly inapplicable. For example, Plaintiff cites *Delgado Pimentel v. Huntsman Int'l, LLC* from the Central District of California. No. LACV1810355JAKKSX, 2019 WL 3073943 (C.D. Cal. July 15, 2019). In *Delgado Pimentel*, the plaintiff named the Parent Defendant as well as Doe subsidiary-defendants not yet identified. *Id.* at *1. Here, Plaintiff named only Edgwell in the Petition and FAP.

original Petition or FAP; thus, their thirty-day removal period could not expire because it was never triggered.

Further, *Howell*'s rationale is premised on a different procedural footing for removal. In *Howell*, the thirty-day removal period was triggered under § 1446(b)(1) because the case was removable at the time the complaint was filed. *See Howell*, 2015 WL 5561838, at *2. Had the intended defendant not been mistakenly misnamed, the case could have been removed immediately. That is, the intended defendant had a statutory right of removal that was triggered and could expire. Thus, *Howell* is consistent with § 1446(b)'s overarching command that the thirty-day removal period begins only after removability is ascertainable. *See Gibson*, 840 F.3d at 519; *PR Grp., LLC*, 792 F.3d at 1026; *Parshall*, 2016 WL 3916394, at *3. This case presents different facts. The Petition and FAP were not removable because the subsidiaries were not named. It was not until EPC, EPC Brands, and Playtex were joined that the case became removable, triggering a statutory right of removal that could expire. And it is undisputed Defendants removed the case within thirty days of EPC, EPC Brands, and Playtex being sued. Thus, *Howell*'s reasoning is inapplicable here.

In fact, applying *Howell* here would allow parties to name only non-diverse defendants and then oppose CAFA jurisdiction on waiver grounds when non-diverse co-defendants are later added as necessary parties. Such a result would frustrate Congress's intent to construe CAFA jurisdiction broadly. *See Westerfeld*, 621 F.3d at 822. Accordingly, Defendants' thirty-day removal period did not expire.

**B. Defendants did not waive their statutory right to removal.**

Plaintiff further argues Defendants waived their statutory right to removal by litigating in state court before seeking removal. Plaintiff cites the general rule that "[a] defendant waives the

right to remove by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court." *PR Grp., LLC*, 792 F.3d at 1026 (internal quotation marks omitted). But Plaintiff cites no case law applying this rule before a defendant's statutory right to remove is ascertainable. In fact, one of the cases Plaintiff cites, *Wolfe v. Wal-Mart Corp.*, 133 F. Supp. 2d 889, 891 (N.D.W. Va. 2001), holds that "engaging in discovery and filing motions prior to a case becoming removable does not result in a waiver of a party's right to remove an action that later becomes removable."

Further, it is undisputed Defendants did not pursue any pre-removal adjudication on the merits in state court between the time Plaintiff filed her SAP and when Defendants filed their notice of removal. Because Edgewell's litigation activities in state court occurred before this case became removable, the Court cannot conclude Edgwell waived a right they did not yet have. Accordingly, Defendants did not waive their statutory right to removal.

## III. The voluntary-involuntary rule does not preclude removal.

Plaintiff argues the joinder of EPC, EPC Brands, and Playtex was not a voluntary act, and therefore, even though minimal diversity exists under CAFA, removal is improper. Defendants respond the voluntary-involuntary rule applies only to dismissal of parties, not the addition of parties.

Plaintiff fails to cite any controlling case law holding joinder of necessary parties precludes removal under the voluntary-involuntary rule. Moreover, Plaintiff fails to establish how the addition of necessary parties amounts to a manipulation of jurisdiction. Adopting Plaintiff's interpretation of the voluntary-involuntary rule would allow parties to name only non-diverse defendants and then oppose CAFA jurisdiction on involuntary grounds when non-diverse co-defendants are later added as necessary parties. Such a result would frustrate Congress's intent to

construe CAFA jurisdiction broadly. *See Westerfeld*, 621 F.3d at 822. The Court declines to expand the voluntary-involuntary rule on the facts presented.

## IV. CAFA's local-controversy exception does not apply.

Finally, Plaintiff argues that even if removal is proper, the court is nevertheless required to remand under CAFA's local-controversy exception. Defendants contend Plaintiff has not carried her burden establishing Edgewell is a primary defendant.

Under CAFA, federal courts have jurisdiction over class actions where the aggregate amount in controversy in the class action exceeds $5,000,000 and "there is minimal (as opposed to complete) diversity among the parties, i.e., any class member and any defendant are citizens of different states; and there are at least 100 members in the class." *Westerfeld*, 621 F.3d 822 (citing 28 U.S.C. § 1332(d)). Within this broad grant of federal jurisdiction, Congress has carved out two narrow, but mandatory exceptions. *See* § 1332(d)(3)–(4). Only the local-controversy exception is at issue in this case. Under the local-controversy exception, a federal district court "shall decline to exercise jurisdiction" if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." *Id.* § 1332(d)(4)(B).

The party invoking the local-controversy exception bears the burden of establishing every element of the exception. *Kitchin v. Bridgeton Landfill, LLC*, 3 F.4th 1089, 1093 (8th Cir. 2021) (citation omitted). The Eighth Circuit has cautioned that "the local-controversy exception is a narrow, nonjurisdictional exception to CAFA's grant of jurisdiction. Thus, any doubt about the applicability of CAFA's local-controversy exception must be resolved against the party seeking remand and in favor of retaining jurisdiction over the case." *Id.* (cleaned up).

A primary defendant is one who "(1) has the greater liability exposure; (2) is most able to

12

satisfy a potential judgment; (3) is sued directly, as opposed to vicariously, or for indemnification or contribution; (4) is the subject of a significant portion of the asserted claims; or (5) is the only defendant named in a particular cause of action." *Nicholson v. Prime Tanning Corp.*, No. 09-6083-CV-SJ-GAF, 2009 WL 2900042, at *1 (W.D. Mo. Sept. 3, 2009) (internal quotation marks and citation omitted). Plaintiff seems to argue Edgewell is a primary defendant under the fourth classification because Edgwell is the only defendant with a claim asserted against it. *See* Suggestions in Supp. at 12, ECF No. 19 ("Plaintiff's only claim in this action is asserted against Edgwell."); *id.* ("Plaintiff strenuously opposed the addition of Edgwell's subsidiaries and maintains that the subsidiaries are not necessary parties[.]"); Reply Suggestions at 7, ECF No. 21 ("[Plaintiff] is not required to (and will not) bring claims against EPC, EPC Brands, or Playtex"). Defendants counter that Edgewell is not a primary defendant because: (1) Edgewell is a holding company not responsible for the manufacture, marketing, distribution, and sale of Wet Ones®; and (2) EPC, EPC Brands, and Playtex were joined as necessary parties because they manufactured, marketed, distributed, and sold Wet Ones®. Suggestions in Opp'n at 13–14, ECF No. 20.

The SAP alleges violations of the MMPA on grounds that the marketing and sale of Wet Ones® was fraudulent, deceptive, and misleading due to the products' representation that it kills 99.99% of germs. On its face, the SAP is directed at the manufacturing, marketing, and sale of Wet Ones®, functions performed directly by EPC, EPC Brands, and Playtex. Further, EPC, EPC Brands, and Playtex were joined under Missouri Rule of Civil Procedure 52.04 as necessary parties because the Circuit Court determined Plaintiff could not be accorded complete relief without them. Plaintiff's continuing objection to the Circuit Court's joinder order and refusal to assert her MMPA claim jointly against all Defendants do not convert this controversy from one of interstate interest to one that is solely a local concern.

13

Considering the focus of Plaintiff's claims and the Circuit Court's joinder of EPC, EPC Brands, and Playtex as necessary parties, Plaintiff has not carried her burden of establishing Edgewell is a primary defendant. Accordingly, CAFA's local-controversy exception does not apply.

## Conclusion

For the foregoing reasons, Plaintiff's motion to remand is DENIED. Because removal was proper, Plaintiff's request for attorney's fees is also DENIED.

**IT IS SO ORDERED.**

Date:   October 17, 2023                  /s/ Greg Kays                             
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

Exhibit 3

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| CONNIE CURTS, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:23-cv-00427-DGK |
| EDGEWELL PERSONAL CARE COMPANY et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO DISMISS

This class action arises from the marketing and sale of Wet Ones® antibacterial hand wipes. Plaintiff Connie Curts alleges Defendants Edgewell Personal Care Company ("Edgewell"), Edgewell Personal Care, LLC ("EPC"), Edgewell Personal Care Brands, LLC ("EPC Brands"), and Playtex Manufacturing, Inc.'s ("Playtex") representation that Wet Ones® kill 99.99% of germs (the "99.99% Claim") is false, deceptive, and misleading under the Missouri Merchandising Protection Act ("MMPA"), Mo. Rev. Stat. §§ 407.010–407.130.

Now before the Court is Defendants' motion to dismiss Plaintiff's Third Amended Complaint ("TAC"). ECF No. 26. For the reasons discussed below, the motion is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE

### Background

Plaintiff filed this a class action lawsuit against Edgewell on August 27, 2020, in the Circuit Court of Jackson County, Missouri. After almost three years of state court litigation, Plaintiffs were required to join Edgewell's subsidiaries, EPC, EPC Brands, and Playtex as necessary parties. Defendants then removed the case to this Court asserting jurisdiction under the Class Action Fairness Act of 2005. The Court denied Plaintiff's motion to remand, ECF No. 22, and Plaintiff

filed the TAC on October 23, 2023, ECF No. 24.

Plaintiff's principal allegation is that the 99.99% Claim "is false, deceptive, and misleading" because "the common and ordinary use of Wet Ones® does not kill more than 99.99% of germs." TAC ¶¶ 40, 63. Specifically, Plaintiff alleges the active ingredients in Defendants' non-alcoholic hand wipes—Benzethonium Chloride and Benzalkonium Chloride—"are less effective than alcohol in killing certain types of bacteria and viruses." TAC ¶ 47.

Much of the TAC centers around the meaning of the term "germs" as it appears on the Wet Ones® label. Plaintiff alleges the ordinary meaning of "germs" means all "pathogenic microorganisms including bacteria, viruses, and fungi." TAC ¶ 51. These pathogenic microorganisms allegedly include "non-enveloped viruses, gram-negative bacteria, and bacterial spores. . . . [which] include hundreds of species including categories of microorganisms that are commonly encountered and easily transmitted by hand-to-hand or surface-to-hand contact." TAC ¶ 53. Plaintiff alleges the 99.99% Claim "implies that Defendants tested the product against all germs, including pathogenic bacteria and viruses," when in fact they "have not tested the product to confirm its germ-killing ability." TAC ¶ 84. Plaintiff alleges the non-alcoholic Wet Ones®—like the ones she purchased—are ineffective against the human papilloma virus ("HPV"), C. Difficile, Cryptosporidium, and human coronaviruses, thus rendering the 99.99% Claim misleading. TAC ¶¶ 54–55, 59.

Plaintiff alleges she relied on the 99.99% Claim when she purchased Wet Ones® for her elderly mother-in-law who had "a history of C. Difficile infections and chronic urinary tract infections" and was unable "to wash her hands adequately." TAC ¶ 64. Plaintiff purchased Wet Ones® because she wanted a product that would "disinfect [her mother-in-law's] hands properly," "protect [her mother-in-law] from microbial infections," and provide "maximum value by

2

tion>
Case 4:23-cv-00427-DGK   Document 47   Filed 02/02/24   Page 2 of 6

March 6 2024  35

[offering] maximum protection for the price." TAC ¶¶ 64, 66. Plaintiff states she never would have purchased Wet Ones® had she known the 99.99% Claim was false. TAC ¶ 67.

Plaintiff further alleges the 99.99% Claim "deprived all [Wet Ones®] consumers of the benefit of the bargain and caused them ascertainable loss because the product purchased did not have the qualities and characteristics advertised and was worth less than a product actually having the advertised features." TAC ¶ 68. Plaintiff claims the measure of damages is a "portion of the product purchase price . . . reflecting the value of misrepresented product attributes." *Id.*

Defendants now move to dismiss the TAC pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue the TAC: (1) fails to meet the MMPA's reasonable consumer standard[1]; (2) fails to state a claim under the MMPA; and (3) fails to meet Rule 9(b)'s heightened pleading standard.

## Standard

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). To avoid dismissal, a

---

[1] It appears Defendants argue the reasonable consumer standard based on the MMPA's amended language. *See* Suggestions in Supp. at 3–4, ECF No. 27 (citing the amended language and cases applying the amended language). In 2020, the Missouri General Assembly amended the MMPA and added explicit "reasonable consumer" requirements. *See* Mo. Rev. Stat. § 407.025.1(2)(a)–(b) (requiring plaintiffs raising claims under the MMPA after August 28, 2020, to establish they "acted as a reasonable consumer would in light of all circumstance," and the defendant's conduct "would cause a reasonable person to enter into the transaction"); S.B. 591, 100th Gen. Assemb., Second Reg. Sess. (Mo. 2020). But because this case was filed before the amendments took effect, these additional requirements do not apply to this motion to dismiss. *See Schulte v. Conopco, Inc.*, 997 F.3d 823, 825 n.2 (8th Cir. 2021); *Abbott v. Golden Grain Co.*, No. 22-CV-01240-SRC, 2023 WL 3975107, at *4 (E.D. Mo. June 13, 2023) (finding the 2020 amendments added "three elements to the original four set by the pre-amendment MMPA"). Rather, pre-amendment violations of the MMPA are analyzed under a different reasonable consumer standard which "is generally a question of fact to be tried by a fact finder and is inappropriate to be resolved in a motion to dismiss." *Webb v. Dr Pepper Snapple Grp., Inc.*, No. 17-00624-CV-RK, 2018 WL 1955422, at *3 (W.D. Mo. Apr. 25, 2018) (citing *Hurst v. Nissan N. Am., Inc.*, No. WD 78665, 2016 WL 1128297, at *8 n.8 (Mo. Ct. App. Mar. 22, 2016)). Accordingly, because the MMPA's amended language does not apply to this case, the Court does not address Defendants reasonable consumer argument.

complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court construes Plaintiff's Complaint liberally and draws all reasonable inferences from the facts in Plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

Further, allegations of fraud must be plead with particularity. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). "Claims alleging deceptive practices under the MMPA sound in fraud and are subject to Rule 9(b)'s heightened pleading standard." *Hennessey v. Gap, Inc.*, 86 F.4th 823, 827 (8th Cir. 2023). This requires Plaintiffs to "plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Id.* (internal quotations and citation omitted).

## Discussion

Plaintiff alleges the 99.99% Claim is false, deceptive, and misleading under the MMPA. The MMPA makes unlawful "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." Mo. Rev. Stat. § 407.020.1. To state a claim under the MMPA, Plaintiff must allege she: "(1) purchased merchandise . . . from [Defendants]; (2) for personal, family, or household purposes; and (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful under [§ 407.020.1]." *Goldsmith v. Lee Enterprises, Inc.*, 57 F.4th 608, 615 (8th Cir. 2023) (citing *Murphy v. Stonewall Kitchen, LLC*, 503 S.W.3d 308, 311 (Mo. Ct. App. 2016); *see also* Mo. Rev. Stat. § 407.025.1(1).

Defendants argue this case should be dismissed because Plaintiff fails to plead the third

4

and fourth elements of her MMPA claim.  On the ascertainable loss element, Defendants argue "Plaintiff fails to plead specific facts supporting the existence of ascertainable loss to raise a right to relief above a speculative level."  Suggestions in Supp. at 10 (internal quotations and citation omitted).  Although not presented under Rule 9(b), the Court finds Plaintiff has not alleged ascertainable loss with level of particularity Rule 9(b) requires.

"The ascertainable loss element [of an MMPA claim] incorporates Missouri's 'benefit of the bargain' common law fraud remedy. . . . [which] is the difference between the value of the product as represented and the actual value of the product as received."  *Goldsmith*, 57 F.4th at 615. (internal quotations and citations omitted).  Under Rule 9(b), this requires Plaintiff to "plead with particularity not only the value represented, but also the actual value of the product as received in order to establish ascertainable loss."  *Hennessey*, 86 F.4th at 830 (citation omitted).  Plaintiff has not made this showing.  While Plaintiff states generally she paid more for Wet Ones® than they were worth, she does not allege the actual value of the product as received.  This leaves the Court to speculate whether Wet Ones®'s alleged failure to prevent HPV, C. Difficile, Cryptosporidium, and human coronaviruses supports a reduced value, and if so, what the reduced value should be.

On the unlawful act element, Defendants claim that "[d]etermining whether a percentage kill claim is true, however, requires a numerator and a denominator," and Plaintiff fails to allege either.  Suggestions in Supp. at 14.   Plaintiff contends Rule 9(b) does not require her to plead "the mathematical process by which Plaintiff can prove [misrepresentation]."  Suggestions in Opp'n at 19, ECF No. 40.   Although Rule 9(b) does not require a precise calculation of all known "bacteria, viruses, and fungi" Wet Ones® do and do not kill, the Court finds that more factual support is required.

Plaintiff alleges the term "germs" means all pathogenic microorganisms, which include an

unspecified hundreds of species of bacteria, viruses, and fungi. Plaintiff alleges the 99.99% Claim implies Wet Ones® have been tested against *all* pathogenic microorganism even though no testing occurred. Plaintiff further alleges non-alcoholic Wet Ones® are ineffective against HPV, C. Difficile, Cryptosporidium, and human coronaviruses.

Even when taken as true, these allegations do not indicate the 99.99% Claim is false, deceptive, and misleading. All these allegations establish is that Wet Ones® are ineffective against certain pathogenic microorganisms, not that they fail to kill more than 0.01% of all pathogenic microorganisms. Thus, the Court is left to speculate whether an alleged failure to prevent HPV, C. Difficile, Cryptosporidium, and human coronaviruses is sufficient to show the 99.99% Claim is false. Again, this is precisely the type of speculative pleading Rule 9(b) guards against. Simply, Plaintiff's undefined universe of "germs" provides no guidance to infer the 99.99% Claim is an unlawful act under § 407.020.1.

Accordingly, because Plaintiff has failed to satisfy Rule 9(b)'s requirements on two elements of her MMPA claim, dismissal is appropriate.

## Conclusion

For the forgoing reasons, the Defendants' motion to dismiss is GRANTED. This case is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date:   February 2, 2024                     /s/ Greg Kays
                                      GREG KAYS, JUDGE
                                      UNITED STATES DISTRICT COURT

6

## MISSOURI WESTERN DISTRICT - **KANSAS CITY**

Please note any additions or deletions to the style of the case from the style listed on the docket sheet (or attach an amended docket sheet with the final style of the case).

Case Caption: Curts v. Edgewell Personal Care Company et al

Case No. 23-cv-00427-DGK

Appellant: **Connie Curts**

Appellee: **Edgewell Personal Care Company et al**

Appellant's Attorney(s):

**David Lee Heinemann**
Shank & Heinemann, LLC
1968 Shawnee Mission Parkway
Suite 100
Mission Woods, KS 66205
816-471-0909
Fax: 816-471-3888
Email: david@shanklawfirm.com

**Katherine Feierabend**
Shank & Heinemann, LLC
1968 Shawnee Mission Pkwy
Ste 100
Mission Woods, KS 66205
816-839-7020
Email: katie@shanklawfirm.com

Appellee's Attorney(s):

**Megan A. McCurdy**
Stinson LLP - KC 2900
1201 Walnut St.
Ste. 2900
Kansas City, MO 64106
(816) 691-2649
Email: megan.mccurdy@stinson.com

**Ashley Marie Crisafulli**
1201 Walnut Street
Suite 2900
Kansas City, MO 64106
816-691-2676
Email: ashley.crisafulli@stinson.com

**Courtney Harrison**
Stinson LLP - KC 2900
1201 Walnut St.
Ste. 2900
Kansas City, MO 64106
816-691-2354
Email: courtney.harrison@stinson.com

**John W. Moticka**
Stinson LLP - StL 1100
7700 Forsyth Blvd.
Ste. 1100
St. Louis, MO 63105
(314) 259-4562
Email: john.moticka@stinson.com

Court Reporter(s):

None

Please return files and documents to:
**United States District Court**
**400 East 9th Street, Room 1510**
**Kansas City, MO   64106**

Contact Person for Appeal:
Jason_Terry@mow.uscourts.gov

| Length of Trial: | Fee: | IFP: | Pending IFP Motion: |
|---|---|---|---|
| 0 | Paid | No | No |
| Counsel: | Pending Motions? | Local Interest? | Simultaneous Release? |
| Retained | No | No | No |

**Special Comments:**